**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **J.Z.**

**No. 20-0913** (Kanawha County 19-JA-707)

**MEMORANDUM DECISION**

Petitioner Father C.Z., by counsel Kenneth Starcher, appeals the Circuit Court of Kanawha County's October 20, 2020, order terminating his parental rights to J.Z.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Brandolyn N. Felton-Ernest, filed a response in support of the circuit court's order and a supplemental appendix. The guardian ad litem, Erica Lord, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in adjudicating him, denying his motion for an improvement period, and terminating his parental rights without imposing a less-restrictive dispositional alternative.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2019, the DHHR filed an abuse and neglect petition alleging that nine-month-old J.Z. suffered from unexplained bruising on his lower back, buttocks, and upper thighs after being left alone in petitioner's care. Petitioner stated that he merely sat the baby down too hard on the rocker or the floor and patted the child's bottom too hard causing bruising despite the baby wearing a diaper. Petitioner also stated that he noticed that the child's bottom was red before he put the child down to sleep the night before the mother discovered the bruising and took the child to the hospital. Upon admission to the hospital, the attending physician opined that the baby was developmentally delayed and non-mobile, and that the bruising was nonaccidental. According to the petition, the medical staff would not release the child back to the parents because hospital

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

employees suspected child abuse. The DHHR concluded that petitioner's explanations for the bruising were inconsistent with the child's injuries and that the child was in danger if returned to the home. Thereafter, petitioner waived the preliminary hearing, and the circuit court ordered the DHHR to provide services such as parenting and adult life skills classes to petitioner.

The circuit court held adjudicatory hearings in December of 2019, and March and July of 2020. At the hearings, the DHHR worker testified that he observed a large bruise on J.Z. and that the attending physician opined that the bruise was nonaccidental. He also stated that petitioner claimed that the bruises were caused by bouncing J.Z. too hard or being too rough while playing. He further stated that J.Z. was too young to crawl and could not sit up without support. Next, petitioner testified that he had the child in his care when the bruising occurred but claimed that he bounced J.Z. too hard on his knee. When asked if he spanked J.Z., petitioner denied doing so. Having heard the evidence, the circuit court found that the child had been abused and neglected while in petitioner's care and it adjudicated petitioner as an abusing parent. In August of 2020, petitioner filed a motion for a post-adjudicatory improvement period.

In September and October of 2020, the circuit court held dispositional hearings wherein the DHHR moved to terminate petitioner's parental rights. At the hearing, the DHHR worker testified that although petitioner participated in some aspects of his case plan, he failed to acknowledge any wrongdoing and continued to claim that the nonaccidental bruising of the child was not deliberate. He further stated that with petitioner's failure to acknowledge wrongdoing of the abuse, the DHHR could offer no services to rectify the conditions of abuse that led to the filing of the petition. Ultimately, the circuit court denied petitioner's motion for an improvement period finding that he was unlikely to fully participate in its terms and conditions. It further found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination of petitioner's parental rights was in the child's best interest. The circuit court adopted these findings in its October 20, 2020, dispositional order and terminated petitioner's parental rights. Petitioner now appeals this order.[2]

The Court has previously established the following standard of review in cases such as this:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

---

[2]The mother consented to legal guardianship of J.Z. by the foster mother. The concurrent permanency plan is adoption by the foster mother.

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in finding by clear and convincing evidence that he abused and neglected the child. Petitioner argues that the circuit court made no finding as to whether petitioner "knowingly and intelligently" caused the unexplained and nonaccidental bruising on the child. Furthermore, petitioner contends that there was no medical neglect as the mother took the child immediately to the hospital after discovering the bruising. Additionally, petitioner claims that while he may not "have acted appropriately [with J.Z.], education could have remedied the situation with time" and that the child was not abused because "any bruising was not deliberate." We disagree and find that petitioner is entitled to no relief.

> At the conclusion of the adjudicatory hearing, the court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected . . . . The findings must be based upon conditions existing at the time of the filing of the petition and proven by clear and convincing evidence.

*In re F.S.*, 233 W. Va. 538, 544, 759 S.E.2d 769, 775 (2014). This Court has explained that "'clear and convincing' is the measure or degree of proof that will produce in the mind of the factfinder a firm belief or conviction as to the allegations sought to be established." *Id*. at 546, 759 S.E.2d at 777 (citation omitted). However, "the clear and convincing standard is 'intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases.'" *Id.* (citation omitted). Further, West Virginia Code § 49-1-201 defines "abused child" as

> [a] child whose health or welfare is being harmed or threatened by . . . [a] parent . . . who knowingly or intentionally inflicts, attempts to inflict, or knowingly allows another person to inflict, physical injury or mental or emotional injury, upon the child or another child in the home.

(Emphasis added).

Here, the circuit court found that the child sustained injuries of unexplained but nonaccidental bruising. The evidence was also uncontroverted that J.Z. sustained the bruising while in petitioner's care. Further, petitioner admitted to seeing red marks on J.Z. the night before J.Z. was taken to the hospital by the mother. On appeal, petitioner's arguments in support of this assignment of error are all predicated on his assertion that the circuit court failed to explicitly state that petitioner caused the child's injuries. However, the circuit court clearly failed to believe petitioner's inconsistent explanations for the bruising and adjudicated him as an abusing parent based upon apparent child abuse as it found that the bruising was nonaccidental. Essentially, petitioner's argument comes down to the issue of credibility, and as this Court has long held, "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations." *Michael D.C. v. Wanda L.C.*, 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997). Accordingly, we find no error in the circuit court's adjudication of petitioner.

Next, petitioner argues that the circuit court erred in terminating his parental rights.[3] We disagree.

This Court has previously held that:

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (citation omitted). Throughout the proceedings, petitioner continued to deny that he physically abused J.Z., even after the DHHR produced evidence that the child's bruises were inconsistent with petitioner's explanations of patting the child's bottom too hard or setting the child down too roughly. Indeed, after the circuit court adjudicated petitioner as an abusing parent, petitioner, at the dispositional hearing, continued to deny that he physically abused the child despite admitting that the child was in his care during the time that the nonaccidental bruising occurred. As such, petitioner wholly failed to recognize any of the conditions of abuse and neglect at issue in these proceedings.

West Virginia Code § 49-4-604(c)(6) provides that circuit courts are to terminate parental rights upon finding that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the child's welfare. West Virginia Code § 49-4-604(d) sets forth that "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" means that the abusing parent "ha[s] demonstrated an inadequate capacity to solve the problems of abuse or neglect on their own or with help." Here, petitioner's failure to acknowledge the conditions of abuse and neglect served as a significant barrier to parental improvement. Accordingly, the circuit

---

[3]Within this assignment of error, petitioner claims that termination of his parental rights was not in the child's best interest. He also claims that he would have successfully completed an improvement period. However, petitioner provides no basis for these conclusions and fails to cite to any legal authority or to the record in support of these contentions of error. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that "[t]he brief must contain an argument exhibiting clearly the *points of fact* and *law presented . . . and citing the authorities relied on*, under headings that correspond with the assignments of error." (emphasis added). Additionally, in an Administrative Order entered December 10, 2012, Re: Filings That Do Not Comply With the Rules of Appellate Procedure, the Court specifically noted in paragraph two that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" are not in compliance with this Court's rules. Further, "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and specific citations to the record on appeal . . .' as required by rule 10(c)(7)" are not in compliance with this Court's rules. Here, petitioner's brief regarding this assignment of error is inadequate as it fails to comply with West Virginia Rule of Appellate Procedure 10(c)(7) and our December 10, 2012, administrative order. Accordingly, the Court will not address this assignment of error on appeal.

4

court correctly determined that there was no reasonable likelihood that petitioner could correct those conditions in the near future.

Finally, petitioner argues that the circuit court should have imposed a less-restrictive dispositional alternative by placing the child in a legal guardianship. However, the Court has held as follows:

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). As the circuit court's finding is fully supported by the record on appeal, we find no error in the circuit court's termination of petitioner's parental rights.

Lastly, because the proceedings are still ongoing, this Court reminds the circuit court of its duty to establish permanency for the child. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires that

> [a]t least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for the child within twelve months of the date of the disposition order. As this Court has stated,

> [t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedure[] for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

*Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, syl. pt. 6. Moreover, this Court has stated that

> [i]n determining the appropriate permanent out-of-home placement of a child under [West Virginia Code § 49-4-604(c)(6)], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and

discipline consistent with the child's best interests or where a suitable adoptive home [cannot] be found.

Syl. Pt. 3, *State v. Michael M.*, 202 W. Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard*, 185 W. Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, we find no error in the decision of the circuit court, and its October 20, 2020, order is hereby affirmed.

Affirmed.

**ISSUED**: June 22, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton